Brady, J.
It appears that the defendant, Stoker, made an assignment for benefit of creditors to one Yander Hove. Subsequently a composition deed was made by which his creditors agreed to accept twenty-five per cent, for their claims, which was paid, and releases executed, including one from the plaintiff. The assignee, in proper proceedings for that purpose, was duly discharged from his trust, and a reassignment executed by him to Stoker of the assets remaining.
This action was brought for the purpose of enforcing an alleged second and supplemental assignment by Stoker to •the defendant, Frank, for the further benefit of Stoker, and made after the composition and release and the reassignment to Stoker. The debts respectively which were owed at the time of the assignment by Stoker had, in consequence of the proceedings to which reference has been made, been- absolutely discharged. The composition deed and the execution of the release accomplished that. It may be said with great propriety, as the result of an examination of the evidence, that Stoker contemplated making an appropriation of whatever was collected of the claims existing in his favor at the time of his assignment to the payment of his creditors in full. But this intention does not appear to have been carried out in such a formal way as to secure to the creditors any right. The defendant, - Frank, states that the assignment was made to him for the. purpose of collection merely, his capacity for the performance of that duty being believed in by Stoker, and invoked by him. No paper was executed expressive of this subsequent intention. It seems to have rested in paroi and to' have been one of those generous impulses which was immediately dissipated by the magical effect of the receipt of the money collected. Of course there was no consideration for it.
The learned justice in the court below disposes of the whole matter in a very brief opinion, in which we concur. He said that the relief sought by the plaintiff was entirely foreign to the composition and release which he assented to and signed. He must be held to his agreement to receive the twenty-five per cent, in full of his debt. And, further, that a release could not be contradicted and explained by paroi, because it extinguished a pre-existing debt, *628 ■which was the difference between such an instrument and a receipt; and he then held that there was no agreement made by Stoker individually with the creditors at the meeting when the terms of the composition were arranged; and he inclined to the opinion that the assignment of the claims from Stoker to Frank was to facilitate their collection and to carry out a commendable but voluntary design of Stoker to make further payments to his creditors, notwithstanding the discharge he held. This design, as we have already intimated, however, was not carried out in such a way as to create a legal obligation, and for that reason, however praiseworthy in its conception and discreditable in its nonperformance, cannot be enforced.
The judgment should be affirmed. ^
Daniels, J., concurs.